UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

_____

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

       v.                                SCHEDULING ORDER

**MARK CASTELLO,**                  Criminal No. 05-CR-162E(Sr)

       **Defendant**.

_____

On September 29, 2005, a pretrial conference was held with counsel and the following motion schedule was set:

(1)    All voluntary discovery shall be completed by **December 2, 2005.**

(2)    All pretrial motions, both dispositive and non-dispositive, including all supporting papers and memoranda of law in support thereof, shall be filed by **March 31, 2006.**

(3)    All responses to pretrial motions, including all supporting papers and memoranda of law in support thereof, filed in accordance with the preceding paragraph shall be filed by **May 1, 2006.**

(4)    Oral argument on any pretrial motions shall be heard on **May 18, 2006, at 2:00 p.m.**

(5)    **IF NO MOTIONS ARE FILED ON OR BEFORE THE AFORESAID DATE, THE PARTIES ARE HEREBY DIRECTED TO CONTACT THE CHAMBERS OF HON. JOHN T. ELFVIN NO LATER THAN April 3, 2006, TO SCHEDULE A MEETING TO SET TRIAL DATE.**

In accordance with the Second Circuit Speedy Trial Guidelines, Part I(C)(3)(a) and (b), and upon the authority of *United States v Piontek,* 861 F.2d 152, 154 (7th Cir., 1988); *United States v Montoya,* 827 F.2d 143, 153 (7th Cir., 1987); *United States v. Wilson,* 835 F2d 1440, 1444 (D.C. Cir., 1987; *United States v Tibboel,* 753 F.2d 608,

610 (7th Cir., 1985); and *United States v Jodoin,* 672 F.2d 232, 238 (1st Cir., 1982), the period of time from the date of this order until the date of making and/or filing of pretrial motions is excluded pursuant to 18 U.S.C. § 3161(h)(8)(A).

If no motions are filed by the filing date set forth in paragraph (2), the case shall be referred to the district court judge to whom the case is assigned for trial and the speedy trial exclusion set forth above shall terminate as of the cutoff date for the filing of motions set forth herein.

Any requests for extension of the above dates must be in strict compliance with Local Rule 12.2 of the Local Rules of Criminal Procedure for the Western District of New York, which requires written application prior to the due date, made to the courtroom deputy. Such application shall be made only after conferring with all other parties and shall include a suggested rescheduled date, agreeable to all parties. As a general rule, no request for an extension will be granted unless extraordinary circumstances are present.

Failure by any party to raise defenses or objections, or to make requests which must be made prior to trial at the time set forth in this scheduling order or prior to any extension made by the court shall constitute a waiver thereof. FedR.Crim.P. 12(f).

**Counsel for the parties are directed to provide the Court with a courtesy copy of Motions, Responses, Replies, Memoranda of Law, and Exhibits clearly marked.**

**SO ORDERED.**

/s/ H. Kenneth Schroeder, Jr.

_____

**H. KENNETH SCHROEDER, Jr.
United States Magistrate Judge**

**DATED:    September 29, 2005
             Buffalo, New York**